**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JEROME DERRICK HARRIS, a/k/a
Michael Braxton, a/k/a Rome, a/k/a
Jerome Privott,
Defendant-Appellant.

No. 97-4182

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-96-260-PJM)

Argued: March 4, 1999

Decided: April 16, 1999

Before WILKINS, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Navron Ponds, Washington, D.C., for Appellant. David
Ira Salem, Assistant United States Attorney, Greenbelt, Maryland, for
Appellee. **ON BRIEF:** Lynne A. Battaglia, United States Attorney,
Deborah A. Johnston, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jerome Derrick Harris appeals his sentence for conspiracy to distribute and to possess with the intent to distribute cocaine and cocaine base, see 21 U.S.C.A. § 846 (West Supp. 1998), arguing that the district court erred in its application of the United States Sentencing Guidelines by (1) finding that he obstructed justice, see U.S. Sentencing Guidelines Manual § 3C1.1 (1995); (2) failing to grant him a reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1; (3) imposing an enhancement for possession of a dangerous weapon, see U.S.S.G. § 2D1.1(b)(1); (4) finding that he was a leader or organizer of a drug conspiracy that involved five or more participants, see U.S.S.G. § 3B1.1(a); and (5) determining his criminal history, see U.S.S.G. Ch. 4, Pt. A. We affirm.

I.

The district court based the obstruction of justice enhancement on a determination that Harris misrepresented his employment history to the probation officer who prepared the presentence report. Because the district court concluded that Harris had obstructed justice, the court also refused to grant a reduction for acceptance of responsibility.

The enhancement for possession of a dangerous weapon was based on evidence that a weapon which tested positive for cocaine residue was recovered from Harris' residence, where Harris and his coconspirators converted cocaine into cocaine base. The enhancement also was based on evidence of the recovery of another firearm from a hidden compartment in Harris' jeep.

The district court based its finding that Harris was a leader or organizer of a drug conspiracy involving five or more participants in part

2

on evidence that at least three people made drug deliveries for Harris and that Harris directed another to install hidden compartments in his vehicles to aid in drug trafficking.

Finally, the district court added two points to Harris' criminal history because Harris committed the instant offense while a violation warrant from a prior sentence was outstanding. See U.S.S.G. § 4A1.2(m). The court also added one criminal history point because Harris committed the instant offense within two years of his release from a prior federal drug sentence. See U.S.S.G. § 4A1.1(e).

II.

Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and the applicable law, we conclude that the district court did not commit reversible error in deciding the issues before it. Accordingly, we affirm.

AFFIRMED

3